IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK EARHEART TATE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 12-0291-CG-M |
| GARY HETZEL, | ) ) ) |
| Respondent. | ) ) |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.  It is **ORDERED** that petitioner's petition for habeas corpus relief is hereby **DENIED**.

## DISCUSSION

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1) (2006).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of

1

those claims. Id. at 848.

Following his conviction and direct appeal, Tate sought Rule 32 relief in the Circuit Court of Dallas County. The circuit court denied Tate's petition, and Tate appealed to the Alabama Court of Criminal Appeals. However, after the Court of Criminal Appeals affirmed the denial of his petition, Tate sought neither rehearing by the appellate court nor *certiorari* from the Alabama Supreme Court. The claims raised by Tate's Rule 32 petition are therefore procedurally defaulted, unless Tate can establish "both cause for his noncompliance and actual prejudice resulting therefrom." Booker v. Wainwright, 764 F.2d 1371, 1376 (11th Cir. 1985).

As evidence of cause, Tate represents that shortly after the denial of his petition by the Court of Criminal Appeals, his attorney advised him that he was excused from having to petition for a writ of *certiorari* because, in his case, seeking the writ would have been "futile."[1] (Doc. 19 at 10, 12)

However, this argument fails because criminal defendants have no constitutional right to an attorney in state post-conviction proceedings, Henderson

---

[1] Citing 28 U.S.C. 2254(b)(1)(B), which excuses a petitioner from exhaustion of state remedies if "there is an absence of available State corrective process," counsel apparently believed Tate was excused from seeking review because the Alabama Supreme Court would have summarily rejected his petition. (Doc. 19 at 12) However, under § 2254(c), it is irrelevant whether resort to state court remedies would have been futile. See, e.g., Waldrop v. Jones, 77 F.3d 1308, 1315 (11th Cir. 1996) (futility not cause to excuse procedural default). A habeas petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). The Eleventh Circuit Court of Appeals has indicated that "there is no doubt that Alabama's discretionary review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule." Smith v. Jones, 256 F.3d 1135, 1140 (11th Cir. 2001).

2

v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991)), nor a constitutional right to counsel on discretionary appeals,[2] Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (stating that the "right to appointed counsel extends to the first appeal of right, and no further"). "Congress codified this rule by enacting § 2254(i), which provides that '[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'" Henderson, 353 F.3d at 892; see also Coleman, 501 U.S. at 757 ("Because [Petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [Petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas.").

Because any ineffectiveness of Tate's Rule 32 counsel cannot be considered cause for purposes of excusing the procedural default that occurred at the state collateral post-conviction level, Tate has failed to establish cause for his procedural default of his third and fourth claims, and also has failed to establish that a denial of review constitutes a fundamental miscarriage of justice.  This Court may therefore not consider the merits of these claims pursuant to Boerckel, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims and, therefore, they are procedurally defaulted).

---

[2] Review by the Alabama Supreme Court is discretionary.  Ala. R. App. P. 39(a) ("Certiorari review is not a matter of right, but of judicial discretion.")

## CONCLUSION

It is **ORDERED** that habeas corpus petition filed by Frank Earhart Tate is hereby **DENIED**.  The court further finds that the Petitioner is not entitled to issuance of a Certificate of Appealability.

**DONE** and **ORDERED** this 11th day of March, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE